No. 729

REINHART etc. v. GREAT AMER. MUT. INDEM. CO.

No. 19264. Supreme Court

On motion to certify. Dock. July 14, 1925; 3 Abs. 451.

647. INSURANCE—Does Indemnity Company's taking over of law suit against one to whom a liability policy has been issued on automobile, mean that it has assumed such control over the litigation as to preclude it from reversing its attitude and denying that the policy in question covers the accident?

George Moehring had issued to him by the Great American Mutual Indemnity Co. a liability policy on his Overland automobile. He traded in his Overland and got a Hupmobile, but did not notify the Company of his change of machine because he did not know it was necessary and thought the policy still protected him.

On Sept. 4, 1921, Moehring struck and injured Morgan Reinhart and on the sixth the company was notified of the accident and of the fact that the Hupmobile and not the Overland was involved. The Company issued a rider, transferring the insurance to the Hupmobile and accepted a premium of $7.00 therefor. Suit was brought in the Hamilton Common Pleas against Moehring and a judgment of $6000. was recovered; but he was financially irresponsible and it was not possible to collect the judgment from him.

Action was then brought against Moehring and the company jointly after 30 days had elapsed; and on submission to the Cincinnati Superior Court it was held Reinhart was entitled to recover against the Company in the amount of $5000, that being the limit fixed in the policy for injury to any one person. The Court of Appeals reversed the judgment, entering final judgment in favor of the Insurance Co.

The case is pending in the Supreme Court on a motion to certify the record and it is contended:

When the company, with full knowledge of the situation, undertook to defend the action, assumed complete control of the investigation for settlement, and finally the defense of the law suit and thereby took from Moehring the right to interfere with negotiations or in the management of the litigation, it irrevocably admitted that its policy covered the very accident involved and became liable under GC. 9510-3 & 4, even though it was caused by the Hupmobile.

When the insurance company had once taken charge of the case it had admitted that its policy covered the accident and thereby induced the insured to surrender his control over the situation. The company cannot thereafter, reverse its attitude and deny that the policy covers the accident.

"A defense by the insurer that a certain claimed liability is not within the policy terms is waived when under the terms of its contract with insured, it assumes absolute control of the action against the insured to recover damages."

It is urged that the defense of a law suit carries with it definite responsibilities and when the company assumed the defense of the law suit brought by Reinhart, it also assumed the responsibilities imposed by an adverse verdict and judgment.

Attorneys—Edward M. Ballard and A. J. Cunningham, Cincinnati, for Reinhart; C. H. Workman and W. W. Symmes, Cincinnati, for company.

Note—Opinion of Cincinnati Superior Court will be found in 3 Abs. 357.

---

No. 730

STATE v. DOUGLAS

No. 19147. Supreme Court

On motion to file bill of exceptions to Jefferson Common Pleas. Dock. May 15, 1925; 3 Abs. 329.

681. JURISDICTION—Did Common Pleas have, where in forgery of stock certificates they were sent out of the state; or did venue lie outside state?

Alexander Douglas was indicted for uttering and publishing a forgery, the same being for the transfer of certain stock certificates in the name of Fred H. Clarke. Douglas' office was in Jefferson county, as was the residence and place of business of Clarke. The stock certificates were mailed to Douglas' correspondent, Halsey & Co., in Pittsburg, Allegheny County, Pennsylvania, where they were placed to Douglas' credit.

Action was brought in the Jefferson Common Pleas and at the close of the States case, the trial court on motion of counsel for Douglas, held it was without jurisdiction and that venue would properly lie in Allegheny county. The jury was thereupon directed to return a verdict of "not guilty" of the offense charged.

It is contended by the State in the motion that the court had jurisdiction and that venue would not lie in Allegheny County; and that the court should not have instructed the jury to return a verdict of not guilty.

Attorneys—Roy N. Merryman, Pros. Atty., Steubenville, for State; Warren W. Cowan, St. Clairsville, for Douglas.